**D.O.M. FARMS, a partnership, Plaintiff-Appellant,**

v.

**Elton NAKAMOTO, d/b/a Midway Auto & Equipment, Defendant-Appellee.**

**No. 84CA1266.**

Colorado Court of Appeals, Div. III.

March 13, 1986.

Bristol & Friend, P.C., Robin Cochran, Bruce C. Friend, Greeley, for plaintiff-appellant.

Wayne A. Schmad, Longmont, for defendant-appellee.

SMITH, Judge.

Plaintiff, D.O.M. Farms (buyer), appeals the judgment dismissing buyer's claim to recover on an unjust enrichment theory money it allegedly overpaid defendant, Elton Nakamoto (seller), for goods and services. The court dismissed the claim as barred by the applicable statute of limitations. Buyer asserts that the trial court erred in finding that buyer breached the contract in the fall of 1978 when it refused to pay further for seller's goods and services and in concluding that the statute of limitations commenced running at that time. We affirm.

Buyer contracted with seller to purchase and to have seller assemble and install several sprinkler and irrigation tower systems: A one tower system, a two tower system, a three tower system and a seven tower system. The components of the two and three tower systems were delivered in June of 1977. Seller completed its assembly of the three tower system in August of 1977, and its cost was apparently paid for in full. Although seller commenced assembly of the two tower system, the parties postponed work on it so that seller could instead assemble the more important seven tower system, the parts for which were delivered in the spring of 1978.

Seller finished assembling the seven tower system in early fall of 1978. Because buyer refused to pay for the seven tower system, seller would not resume work on the unfinished two tower system. In light of buyer's failure to perform, seller later dismantled and removed the partially completed two tower system in the spring of 1979.

In January of 1983, buyer brought this action for the difference between the value of the goods and services it received under the contracts and the amount that it had paid. Buyer claimed that it had paid a total of $89,005.01, but had received goods and services totalling only $75,527. The parties and the trial court all apparently have treated what were initially separate contracts as one course of dealing, or, in essence, one contract. We will therefore also treat these dealings as a single contract. At the conclusion of a trial to the court, the court found that seller was justified in refusing to complete the two tower system because buyer had failed to pay for the seven tower system.

The court, however, ultimately found that the contracts were breached in the fall of 1978 when buyer refused to pay for the seven tower system. The court accordingly dismissed buyer's action on the basis that buyer had not brought its action within the period of the statute of limitations concerning contracts for sale. That statute, § 4-2-725(1), C.R.S., provides that: "[A]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued."

The parties agree that each of their transactions constitutes a "contract for sale" and is therefore subject to the provisions of the Uniform Commercial Code con-

cerning sales—§ 4–2–101, et seq., C.R.S. *See Colorado Carpet Installation, Inc. v. Palermo,* 668 P.2d 1384 (Colo.1983).

Buyer however argues that the trial court erred in finding that the breach occurred in the fall of 1978 when buyer refused to pay for delivery and assembly of the seven tower sprinkler system. Instead, buyer claims that the cause of action did not accrue until the spring of 1979, when seller dismantled and removed the partially completed two tower system. It argues that it could not successfully maintain an action for excess money paid seller under the contract until then. We disagree.

Section 4–2–725(2), C.R.S., provides that "[a] cause of action accrues when the breach occurs...." However, since the code does not further define "breach," what constitutes a breach of contract is determined according to the pre-code law of contracts. Section 4–1–103, C.R.S.; *see* 5 R. Anderson, *Uniform Commercial Code* § 2–725:70 (3rd ed.1984). "When performance of a duty under a contract is due, any non-performance is a breach." Restatement (Second) of Contracts § 235(2) (1979).

Here, the trial court found that the terms of the contract obligated buyer to pay a certain amount down upon ordering the system and to pay the bulk of the purchase price upon delivery of the components, with the balance due upon seller's completion of assembly. When seller completed the seven tower system in the fall of 1978, buyer refused to pay the balance due seller under the terms of the contract. We conclude that such refusal to pay was a breach of the parties' contract and that the cause of action accrued at that time.

When the contract was breached by buyer, it was admittedly breached in its entirety. The rights and liabilities of the parties vis-a-vis the contract were determinable on that date. Thus, if the uncompleted towers and components belonged to buyer as a result of, and upon the breach, then the seller's subsequent removal of these items was a conversion and the appropriate tort statute of limitations began to run on the date of such conversion. If, however, on breach of the contract, the ownership of those components remained in, or reverted to seller, buyer became a bailee and seller could remove them at any time with impunity.

Buyer's claim of unjust enrichment must, of necessity, be based on the theory that the uncompleted towers and components belong to seller. If that be the case, then buyer's claim arose at the time of the breach which caused ownership to vest in seller. Accordingly, the court properly dismissed buyer's claim as untimely filed under the applicable statute of limitations.

Buyer's remaining contentions are without merit.

The judgment is affirmed.

PIERCE and TURSI, JJ., concur.